# EXHIBIT A

FILED COLUMBIA COUNTY COURT
2026 SEP 28 PM 2:43

_Verified Correct Copy of Original 9/28/2026._

IN THE CIRCUIT OF THE STATE OF OREGON COURT

FOR THE COUNTY OF COLUMBIA

| | |
|---|---|
| **JOHN HARPER,**<br>Plaintiff,<br>vs.<br>**ARTISAN AND TRUCKERS' CASUALTY COMPANY AND/ OR PROGRESSIVE INSURANCE CORPORATION, INC.**<br>Defendant | **CASE NO:** 26CV51407<br>Judge: Clarke, Michael T<br>**TORT CLAIM FILING FEE $594.00 ORS 21.105 PRAYER MONITARY AMOUNT $52,533.68 NOT SUBJECT FOR MANDATORY ARBITRATION VIOLATION - OREGON TOTAL LOSS VEHICLE DISPUTE RESOLUTION PROSSES ORS 742.558 2. (A)** |

## COMPLAINT

## PARTIES

1. Plaintiff: is an adult resident citizen of Columbia County, John Harper is residing at 27010 Old Rainier Road Rainier, Oregon 97048. Mailing address PO Box 55695 Portland, Oregon 97238.

2. Defendant: Artisan and Truckers Casualty Company (Artisan) also known as Progressive Insurance Company; s foreign corporation authorized to do business in the State of Oregon. Headquarter office located at 6300 Wilson Mill Road Village, Ohio 44143. Legal documents served at the address 300 North Commons Blvd., Mayfield Village, Ohio 44143.

## BASIS FOR JURISDICTION

3. Under ORCP 4 E (3) (4) the Court has jurisdiction.

_Verified Correct Copy of Original 9/28/2026._

## MANDATORY ARBITRATION PROGRAM

4. Under ORS 36.400(3) The case is not subject to mandatory arbitration. The amount of claim is over $50,000.

## JUDICIAL BACKGROUNDS

5. Case: 25CV15336 In the Circuit of The State of Oregon Court for the County of Columbia – Transfer to US District Court for The District of Oregon Portland Division. Closed no merits.

6. Case: 3:22 – cv- 01723 – YY US District Court for the District of Oregon Portland Division. Closed- no merits. Case: 24-2413 United States Court of Appeals For the Ninth Circuit. Closed based on abandoned. (That is not True.)

7. Federal Court demonstrate total inability to judge. When plaintiff and defendant were agreeing on 4 days trial, but not able to establish the date for trial Federal Court was not even able to schedule the trial date. *See Exhibit # 2. P5*

8. Denial of trial caused violation of Constitutional Riths due prosses to be heart. Denial of Riths to be heart cause illusion on a justice not a fair justice.

9. During illusion of justice Federal Court did not take responsibilities to grant stolen trailer to defendant. *See Exhibit # 9. P1. Stolen vehicle report.*

*10.* Denial to grant stolen trailer to defendant. Considered defendant have been keeping trailer illegally. All cases above are a self-assessment how defendant violate the law ORS 742.558 2.(a)

## NEW EVEDENCE

11. **On September 16, 2026** County attorney Ashley Smith at Wyoming stated the pattern

_Verified Correct Copy of Original 9/28/2026._

of legalization of stolen trailer in Copart auto action at Wyoming. **Emphasis added:** *Your trailer was released to Copart through insurance company. The insurance company paid the bank, and the trailer was re-titled to Progressive Casualty Insurance Company on February 4, 2022. See Exhibit # 7. P3.* (The claim was opened on 02/05/2022) The bank was not required to pay because of major dispute between insurer and insured.

## BACKGROUNDS

12. On February 4, 2022 about 07:55 pm warranty parts on the trailer failed and rear axle got brake fire near Lyman, WY Uinta County. The damaged trailer and cargo were towed by Bradshaw towing to 321 Bradshaw St Lyman, WY 82937. The cargo was damaged but able to move and was reloaded to another truck to complete the trip. The trailer was left at 321 Bradshaw St. Lyman, WY82937 for further investigation, inspection for replacement by warranty.

13. On March 24, 2022 the trailer was relocated without owner's permission John Harper to Copart auto action Casper WY Natrona County in order to hide from warranty inspection.

14. On March 29, 2022 Harper stopped at Copart auto action Casper Facility to pick up Harper's trailer. Copart refused to release the trailer to legal owner John Harper. Then John Harper called Natrona County sheriff office. *See Exhibit # 7. P1*

Sheriff stated **Emphasis added:** *Copart did not yet have all the paperwork to put the trailer up for action and advised it would be in their yard for some time, but he could not release it without Progressive's Permission. See Exhibit # 7. P1.*

15. Sheriff confirmed that Copart did not have paperwork to legally keep Harper's trailer, but refused to insist to release the trailer from Copart without insurance permission. If the trailer was released to legal owner John Harper on that day there will be no claims.

_Verified Correct Copy of Original 9/28/2026._

## COUNT I

### Statements of the Facts and Point of Authorities

### Violation- Oregon Total Loss Vehicle Dispute Resolution Prosses ORS 742.558 2(a)

> **Emphasis added** *(2) An insurer is not obligated to pay the undisputed amount under subsection (1) of this section until the insured or third-party owner of the motor vehicle: **(a)**Agrees to execute documents sufficient to transfer ownership of the motor vehicle to the insurer;*

16. On March 09, 2022 Insurance offered a settlement to Harper in the amount of $52, 553.68 and owner retain the trailer (salvage) *See Exhibit # 1. P1.*, but that offer was never completed.

17. On March 24, 2022 the tailer was relocated without owner's permission John Harper from Lyman, WY Uinta County to Casper, WY Natrona County.

18. During litigation from March 2022 to December 2025 with Federal Court defendant continuously harassed plaintiff by demanding release of the trailer *See Exhibit # 8. P2,3,4.*.

19. When all cases were closed by Federal Court and Federal Court did not take responsibilities to grant the stolen trailer. I requested insurance company to return trailer because they have no legal rights to keep the trailer no any pending cases left. The insurance company stated that Harper's trailer was sold. *See Exhibit # 5. P1. Letter dated March 16, 2026.*

20. On February 04, 2026 Natrona County of Wyoming issue a fraudulent Certificate of Title where stated John Harper is the seller. This is fraud I did not sale the trailer to Progressive Insurance Natrona County act on Harper's behave. Natrona county has no Harper's permission to act on Harper's behave. *See Affidavit of John Harper to support the claim.*

21. Defendant misled Federal Court by statement **Emphasis added:** *Amur was the rightful owner of the trailer, not Plaintiff. See Exhibit # 3. P1.* That statement is false only John Harper is

_Verified Correct Copy of Original 9/28/2026._

the owner of the trailer. *See Exhibit # 3. P2. And See Exhibit # 6. P1.*

22. As a result court and law protectors passible errored legal action and that is the time to corrected and Plaintiff John Harper pray for the court award the settlement amount in the amount of $52,553.68 and return and/or replaced the trailer that was illegally hold by insurance company. **Emphasis added:** *If the insurer is derelict in this duty, as where negligently investigate the claim or unreasonably refuses an offer of settlement, it may be liable regardless of the limit of the policy for the entire amount of the judgment secured against the insured. See Cowden v. Casualty and Surety Company. 389 Pa 459, 134 A2d 223 (1957)*

*When, as here, a plaintiff is proceeding pro se, the court must construe his complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*

## RELIFE REQUESTED

**WHEREFORE:** The Plaintiff pray for the following relief:

A. Judgment for the Plaintiff against the Defendant.

B. An award a Plaintiff for returning and/or replaces the trailer. (Defendant took trailer they should be return the trailer to Plaintiff).

C. An award of actual settlement amount of $52,553.86

D. An award income loss in the amount will be determined when trailer will be on my possession.

E. An award such other and further relief as may be deemed just and proper in the premises.

Dated this 28 day of September 2026

Plaintiff John Harper In Pro Se
PO BOX 55695
PORTLAND, OR 97238
Phone: | 503-410-1326
Email zakharper77@hptmail.com

TORT CLAIM FILING FEE $594.00 ORS 21.105 PRAYER MONITARY AMOUNT $52,533.68
NOT SUBJECT FOR MANDATORY ARBITRATION VIOLATION - OREGON TOTAL LOSS VEHICLE DISPUTE RESOLUTION PROSSES ORS 742.558 2. (A)

Verified Correct Copy of Original 9/28/2026.

-791239717611

**Liability**
Aaron Featherston (A129603) **03/07/2022 12:30 PM ET**
LIABILITY COMPLETE
RESOLUTION SUMMARY: FIRE WHILE DRIVING
NO APPARENT SUBRO

**File Intervention**
Matthew Minch (MXM0308) **03/08/2022 01:17 PM ET**
REVIEWED AUTH REQUEST. SETTLEMENT AMOUNT INCLUDES TOW BILL PER FS AUTH NOTE.
COVERAGE IS IN ORDER, AUTH GRANTED.

**PD Suite** Managed Repair | 2020 DOONAN TRAILER
Dennis Livingston (DXL0096) **03/09/2022 10:10 AM ET**
S/W INSURED JOHN HARPER (503) 310-4999

REV TOTAL LOSS SETTLEMENT

ADVISED SAME OF ORS AS HE HAD STRIPPED WRECKAGE TRAILER OF ALL VALUABLE PARTS

INSURED UNDERSTOOD AND ACCEPTED ORS T/L SETTLEMENT

INSURED REQ LOAN P/O BE SENT TO HIM

ADVISED SAME PAYMENT IS OWED TO FINANCE COMPANY AND WILL REQIRE WRITTEN COMMUNICATION FROM BANK TO DO OTHERWISE

ADVISED INSURED HE WILL NEED TO CONTACT TOW YARD TO ADDRESS THE SALVAGE TRAILER. INSURED STATES HE MAY BE KEEPING IT

WILL COMPLETE T/L HANDOFF

**Total Loss**
Dennis Livingston (DXL0096) **03/09/2022 11:15 AM ET**
TOTAL LOSS HANDOFF
**
VEHICLE: 2020 DOONAN TRAILER
ORS OR PRS: ORS
FINANCE AGREEMENT: NONE
TOTAL SETTLEMENT/PAYMENT (LESS DED): $52,553.68
WITHIN AUTHORITY: NO
IF NO, IS MANAGEMENT AUTH IN FILE? - YES
SALVAGE OPEN/REFERRED: YES
CUSTOMER EXPECTATION SET: WITHIN 24HRS

**Total Loss**
Dennis Livingston (DXL0096) **03/09/2022 11:33 AM ET**
PLEASE NOTE THIS A OWNER RETAIN SALVAGE TOTAL LOSS AND NEEDS TO BE RESOLVED AS SUCH ***$ 52,553.68***

settlement — owner retain salvage

**Total Loss**
Aaron Featherston (A129603) **03/09/2022 02:34 PM ET**
OBC TO NICOLE TAYLOR 308-398-4140
-
-SHE ADVISED THAT ORS IS AN OPTION BUT THAT INSURED WOULD NEED TO PAY OFF THE FULL AMOUNT AND THAT WOULD BE $9,375.34 (COULD BE A DISCOUNT IF PAID IN FULL)
-IF ORS, WE WOULD PAY THE BANK THE SETTLEMENT AMOUNT AND THEY WORK WITH INSURED TO GET THE REMAINING AMOUNT
-
-IF PRS THEN PAYOFF AMOUNT IS $61,926.02
-THEY WILL TAKE THE AMOUNT WE GIVE AND SEND TITLE AND WORK WITH INSURED FOR

EXHIBIT 1
PAGE 1

Progressive Group of Insurance Companies

# Settlement Summary

## Claim Information

**Claim Number:** 22-4759591-02
**Policy Number:**
**Owner :** HARPER, JOHN

**Coverage Type of Loss:** Comprehensive
**Loss Date:** 02/04/2022
**Reported Date:** 02/05/2022
**Valuation Report ID:** 1014369576

## Vehicle Information

**Loss Vehicle:** 2020 DOONAN TRAILER
**VIN:** 1D9BG532XL1609882
**Mileage:** 1 miles

**Location:** OR 97238
**Exterior Color:** SILVER
**License Plate:** HU88546

## Loan Information

| | |
|---|---|
| **Lien Holder Payoff:** | $57,864.47 |
| **Loan/Lease Payoff Coverage:** | $0.00 |

## Payment Information

| | |
|---|---|
| **Lien Holder Payment(s):** | $52,553.68 |
| **Net to Owner:** | $0.00 |

# Settlement

| | |
|---|---|
| **Stated Amount:** | $54,500.00 |
| **Actual Cash Value:** | $0.00 |
| Base Value: | $0.00 |
| Title History Adjustment: | -$0.00 |
| Refurbishment Adjustments: | $0.00 |
| After Market Parts Adjustment: | $0.00 |
| Condition Adjustment: | $0.00 |
| Prior Damage Adjustment: | -$0.00 |
| **Market Value:** | $ 0.00 |
| Settlement Adjustment(Pre-Tax): | $0.00 |
| **Fees:** | $53.68 |
| **Taxes:** | $ 0.00 |
| **Owner Retains:** | -$1,000.00 |
| **Net Settlement:** | $53,553.68 |
| **Settlement Adjustment(Post-Tax):** | $0.00 |
| **Deductible:** | -$1,000.00 |
| **Other Adjustments:** | $ 0.00 |
| **Total Settlement:** | $52,553.68 |

**Adjuster License #:**
**Comments:**

EXHIBIT 1
PAGE 2



_Verified Correct Copy of Original 9/28/2026._

_Verified Correct Copy of Original 9/28/2026._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| JOHN HARPER,<br><br>Plaintiff,<br><br>v.<br><br>AMUR EQUIPMENT FINANCE, INC.; WATSON & CHELAN MANUFACTURING, INC.; ARTISAN AND TRUCKERS CASUALTY COMPANY, INC.; and/or PROGRESSIVE INSURANCE CORPORATION, INC.,<br><br>Defendants. | Case No. 3:22-CV-1723-YY<br><br>**DEFENDANTS' JOINT STATUS REPORT** |

Pursuant to Fed. R. Civ. P. 26(f)(3) and LR 26-1, Defendants Amur Equipment Finance, Inc (Amur) and Artisan & Truckers Casualty Company (Artisan), (each, a "Party" and collectively, the "Parties") submit the following Defendants' Joint Status Report. Defendants attempted on two separate occasions to confer with Mr. Harper in accordance with Fed. R. Civ. P. 26(f)(3). On January 6, 2023, Amur, Artisan, and Mr. Harper participated in a conference via telephone. Amur and Artisan were unable to come to an agreement with Mr. Harper regarding the terms of the Joint Status Report. In light of the same, Amur and Artisan file a Defendants' Joint Status Report, setting



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: [illegible]

EXHIBIT 2
PAGE 1

Verified Correct Copy of Original 9/28/2026.

forth terms which Amur and Artisan were able to agree upon. Mr. Harper has the right to file a Status Report setting forth the terms he deems appropriate. The Parties will turn to the Court for a decision regarding inconsistencies between Defendants' Joint Status Report and any filings by Mr. Harper.

For the reasons discussed in Section 1, specially appearing defendant Watson & Chalin Manufacturing Inc. ("W&C") did not participate in the parties' Rule 26(f) conference in light of its challenge to personal jurisdiction and currently takes no position with respect to the case management deadlines or other discovery or trial related matters set forth in this Joint Status Report which address any matter unrelated to W&C's pending motions.

## JOINT STATUS REPORT

### 1. Defendant W&C's Position With Respect to Discovery and Case Management Deadlines.

The Court has stayed all discovery involving W&C pending a ruling on W&C's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 26). W&C therefore did not participate in the Rule 26(f) conference and takes no position with regard to the matters addressed in the Report.

### 2. Statement of Nature and Complexity of Case

This is an action filed by Mr. Harper regarding a Doonan Chaparral II Drop Deck Trailer Vin# 1D9BG5532XL1609882 (hereinafter "the Trailer"). The Complaint alleges that the Trailer was manufactured by Doonan Specialized Trailers, LLC. On February 3, 2022, Mr. Harper loaded the trailer with three excavators he picked up from the Port of Tacoma in Washington. On February 4, 2022, while Mr. Harper was transporting the load through Wyoming, a fire started on the back rear axle of the trailer. The fire damaged the trailer and the excavators. After the fire, the Trailer was relocated to Bradshaw Towing, in Wyoming.



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

_Verified Correct Copy of Original 9/28/2026._

Mr. Harper has brought claims against Amur Equipment Finance, Inc., the party who financed the Trailer; Watson & Chalin Manufacturing, Inc., the party who sold the Trailer's suspension/axle system to Doonan Specialized Trailers, LLC; and Artisan & Truckers Casualty Company, the party who insured the Trailer. Mr. Harper make claims against all Defendants resulting from the loss of the Trailer. The Defendants deny all of Mr. Harper's allegations as set forth in the Complaint.

The Defendants intend to conduct discovery to understand the basis and nature of Mr. Harper's claims, whom they are directed at, and the amount of damages requested regarding the same. W&C does not intend to conduct or respond to such case related discovery while its motions remain pending.

3. **Deadline for Joining Additional Parties**

The proposed deadline for joining additional parties is March 7, 2023.

4. **Proposed Discovery Plan, Pursuant to Fed. R. Civ. P. 26(f)(3):**

***A. Date of Initial Disclosures***:

The Defendants intend to exchange initial disclosures within 14 days of the FRCP 26(f) conference.

***B. Subjects, Timing, and Potential Phasing of Discovery***

The Defendants reserve the right to conduct discovery as permitted under the applicable court rules. The Parties anticipate discovery on the claims at issue, the alleged damages, and all other matters likely to lead to the discovery of admissible evidence. The Parties do not believe that any discovery phasing is necessary for this case.

***C. Electronically Stored Information***



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 2
PAGE 3

_Verified Correct Copy of Original 9/28/2026._

The Defendants agree to take all reasonable efforts to preserve electronically stored information related to this case and do not anticipate any issues associated therewith. The Parties do not agree to adopt the Model Agreement Regarding Discovery of ESI at this time but will revisit if the issues arise regarding the production of electronically stored information in this matter.

*D. Privilege Issues*

The Defendants agree that any claims of privilege or of protection of trial preparation materials will be made at the time of production and be accompanied by a privilege log stating the privilege asserted, as well as the date and description of the document, and the name and title of author(s) and recipient(s). The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

*E. Proposed Limitations on Discovery*

The Defendants do not currently propose any modifications to the discovery limitations contained in the Federal and Local Civil Rules, but reserve the right to request modifications as necessary.

*F. The Need for Any Discovery Related Orders*

The Court has entered an Order staying all discovery related to W&C pending a ruling on its Motion to Dismiss. (ECF No. 26). The Parties do not request that the Court enter any other discovery-related orders at this time.

**5. Date by Which Discovery Can be Completed:**

The Defendants propose close of discovery to occur approximately 90 days before the trial date, or whenever this Court generally sets a discovery cut off.



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: [illegible]

EXHIBIT 2
PAGE 4

Case 3:22-cv-01723-YY Document 28 Filed 01/10/23 Page 5 of 7

_Verified Correct Copy of Original 9/28/2026._

6. **Date the Case Will Be Ready for Trial & Calendaring Conflicts:**

The Parties are unable to agree on a time for Trial. Plaintiff asserts the matter will be ready for Trial in March or April of 2023. The Defendants assert this matter will be ready for Trial by February of 2024.

7. **Total Number of Trial Days:**

The Defendants agree that four (4) court days will be sufficient for a trial.

8. **Date Corporate Disclosure Statement Filed Pursuant to Fed. R. Civ. P. 7.1 Local Civil Rule 7.1:**

W&C filed its Corporate Disclosure Statement on December 12, 2022. Artisan filed its Corporate Disclosure Statement on December 13, 2022. Amur filed its Corporate Disclosure Statement on December 22, 2022.

DATED this 10th day of January, 2023.

**LETHER LAW GROUP**

*s/ Eric J. Neal*
Eric J. Neal, OSB # 110268
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
eneal@letherlaw.com
*Attorney for Defendant Artisan and Truckers Casualty Company*

**FARLEIGH WADA WITT**

*s/ Holly Hayman*
Margot D. Seitz, OSB #075982
Holly C. Hayman, OSB #114146
mseitz@feelaw.com
hhayman@fwwlaw.com

_Verified Correct Copy of Original 9/28/2026._

Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, OR 97204
T: 503-228-6044
F: 503-288-1741
*Attorneys for Defendant Amur Equipment Finance, Inc.*

MB LAW GROUP

*s/ Michael A. Yoshida*
John W. Knottnerus, OSB #892788
Michael A. Yoshida, OSB #065631
jknottnerus@mblglaw.com
myoshida@mblglaw.com
MB Law Group, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
T: 503-914-2015
*Attorneys for Defendant Watson & Chalin Manufacturing, Inc.*



EXHIBIT 2
PAGE 6

_Verified Correct Copy of Original 9/28/2026._

Ex. B at pg. 38. Artisan reviewed claim details with the officer and explained payment was sent to lienholder of the Trailer, the Trailer was moved to a salvage yard, that Plaintiff is no longer the owner of the trailer, and the claim was resolved in accordance with the policy. Ex. B at pg. 38.

As of March 31, 2022, Artisan was waiting for the title of the trailer to be sent by Amur. After the settlement, Plaintiff had a change of heart and expressed his desire to retain the Doonan trailer. In response to Plaintiff's change of heart, Artisan considered two potential resolutions.

### *6. Resolution Attempts*

First, Artisan contacted Amur to explore the possibility of allowing Plaintiff to keep the trailer, even though Plaintiff still owed money on the loan. Artisan also inquired if Amur would be willing to refund the original settlement amount and recalculate the cost for Plaintiff to retain the salvage. Artisan emphasized that if Amur did not agree to a refund, it was obligated to adhere to the original agreement with Amur, as Amur was a listed party of interest on the Artisan Policy.

Second, Artisan suggested an alternative resolution. If Plaintiff still wished to retain the trailer, Artisan was prepared to facilitate the purchase of the vehicle back from Amur before it went to auction. Artisan clarified that it was entitled to all salvage and that there was no obligation under the Artisan Policy to allow Plaintiff to obtain the salvage. Additionally, Artisan noted that because Amur was a listed party of interest on the policy and in possession of the title, Amur was the rightful owner of the trailer, not Plaintiff.

Artisan contacted Amur and explained the situation, Amur informed Artisan that because it had already sent the title to Artisan, Plaintiff would not be able to keep the Trailer. Ex. B at pg. 42 and 43. On April 1, 2022, Artisan called Plaintiff to explain that Amur stated it was not possible for Plaintiff to keep the Trailer because the title had already been sent to Artisan. Ex. B at pg. 43. In response, Plaintiff stated that Artisan stole his trailer and that he was owed an additional



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 3
PAGE 1

| Transaction No. | Contract No. |
|---|---|
| 118261 | 955628 |

Verified Copy of Original 9/28/2026.

# POWER OF ATTORNEY FOR TITLE AND LIEN APPLICATIONS

The undersigned **John Harper** (the **Debtor**), being the buyer, seller, registered owner or legal owner of the following vehicle (the **Vehicle**):

| | |
|---|---|
| **Year** | 2020 |
| **Manufacturer** | DOONAN |
| **Model** | 532ABLFDIMMZ |
| **VIN** | 1D9BG532XL1609882 |

does hereby designate and appoint **Amur Equipment Finance, Inc.**, and/or its agents (including but not limited to **Decision Dynamics, Inc. and its respective employees, located at 1324 N. Lake Drive, Lexington, SC 29072; and Precision Auto Title Service and its respective employees, located at 9706 Somerset Blvd Suite 6, Bellflower, CA 90706**), successors and assigns, including but not limited to **Axis Title, LLC** (collectively the **Agent**), as true and lawful Attorney-in-Fact, with full power of substitution, and hereby authorizes and empowers Agent, in the name, place and stead of Debtor, to take the following actions and to do the following things from time to time with respect to the Vehicle for the purpose of enabling Agent in the name of Debtor to do any and all of the following:

(1) To take any and all actions and to do any and all things necessary or desirable in all matters pertaining to the titling or registration, sale or transfer of ownership or recording of a lien (including into the name of Agent), or applying for an original or duplicate certificate of title to the Vehicle, or any other similar forms or documents in the name and stead of Debtor in connection therewith;

(2) To do and perform all acts necessary to carry into effect and exercise the rights and powers granted by this Power of Attorney to the same extent that Debtor might or could do with the same validity as if all and every such act had been herein particularly stated, expressed and especially provided for; and

(3) To delegate said power of attorney to any person it deems appropriate but only for the limited purposes set forth herein.

This Power of Attorney, being coupled with an interest, is irrevocable and cannot be cancelled. A photocopy or other facsimile thereof shall constitute proof of Agent's continuing authorization to act on behalf of Debtor in all matters referred to above.

DATED this 1st day of Dec, 20 20.

**DEBTOR** **John Harper**

**Signature** ______________________

**Printed Name** **John Harper**

**Title** **Owner**

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.**

STATE OF WA )
) ss.
COUNTY OF Cowlitz )

The foregoing instrument was acknowledged before me this 1st day of Dec, 2020.

Notary Public Signature: ______________________

(Affix Notary Seal below)

SUJAN SHRESTHA
NOTARY PUBLIC #20105451
STATE OF WASHINGTON
MY COMMISSION EXPIRES
04-11-24

**EXHIBIT** 3
**PAGE** 2

PROGRESSIVE

_Verified Correct Copy of Original 9/28/2026._

EXPLORE CLAIMS
*Process, FAQ, roadside, & more*

Report/view claim

P · Insurance Claims · FAQ · Total Loss

# Total loss

When an accident causes extensive or costly damage to your vehicle, we may determine it's not practical to complete repairs (this usually means that repairs cost more than the actual cash value of your vehicle). If this is the case, your car is determined a total loss, and we issue you and/or your lienholder payment for the value of your car (minus your deductible if you're a Progressive policyholder). We need to complete an inspection of your vehicle before we can determine the value and whether it's a total loss.

We know this experience can be stressful—and in some cases emotional. If you have a total loss, we manage the process for you and answer any questions you have along the way. Here are a few of the most common questions.

## What is a total loss?

Generally, a vehicle is a total loss when the cost to return it to its pre-loss condition is greater than the value of the vehicle. And, in some states, a vehicle may be a total loss if the repair costs would exceed a percentage (e.g., 80%) of the vehicle's value.

EXHIBIT 4
PAGE 1

To determine the vehicle's value, and in accordance with any applicable state laws, we review the mileage, options, and

_Verified Correct Copy of Original 9/28/2026._

condition of your vehicle against the current values of comparable vehicles.

## Is there anything I can do now to prepare in the event my car is determined a total loss?

Yes, see the list below. Don't make any final decisions or plans until we complete an inspection of your car and communicate whether your car is a total loss.

- If you have a loan on your car, locate the paperwork that shows who holds the loan, the account number, and the lender's contact information.
- If you don't have a loan on your car, locate your title.
- Remove personal items from your vehicle, including license plates.
- If you plan to purchase a replacement vehicle in the event your vehicle is a total loss, begin researching your options and contact your lender to discuss financing. If you need help finding a replacement car (new or used), you can use Progressive's free car shopping service.

## How much will I get for my vehicle?

We pay you its actual cash value — which is the market value of your vehicle based upon several factors, such as its pre-loss condition, age, options, mileage, etc. — minus any applicable deductible if you're Progressive insured. We work with a third-party to help determine the actual cash value. Then, we give the payment to you/the vehicle owner, your lender, or both.

EXHIBIT 4
PAGE 2

Verified Correct Copy of Original 9/28/2026.

## What paperwork do you need before you can issue my payment?

We need to obtain the physical title, and have you fill out the necessary fields (including the odometer disclosure statement) and sign the title. If a lender holds the title, we get the title from them after you fill out and sign a Power of Attorney and odometer disclosure statement (we send this to you as well). Keep in mind, there may be additional/differing state requirements.

## Will I still owe money on my loan or lease?

You might still owe money on your loan or lease if the actual cash value of your vehicle is less than what you owe. If you have Loan/Lease Payoff (or gap) coverage through Progressive, it helps pay off the difference up to the available policy limits listed on your declaration page. You may also have separately purchased gap coverage through your dealer or another insurer.

## What happens to my vehicle?

You have the option to retain your vehicle salvage or transfer the title to us once we pay your claim. If you transfer the vehicle, we dispose of your totaled car and comply with the appropriate laws or regulations.

EXHIBIT 4
PAGE 3

## Can I get a rental car?

If you're a Progressive policyholder, and you have rental coverage on your policy, we cover the cost of a rental vehicle for up to three days (after we let you know the value of your vehicle). If you're not

PROGRESSIVE CLAIMS
PO BOX 94621
CLEVELAND, OH 44101-9941

PROGRESSIVE

Verified Correct Copy of Original 9/28/2026.

John Harper
PO BOX 55695
PORTLAND, OR 97238

**Underwritten by:**
Artisan and Truckers Casualty Company

**Claim Number:** 22-4759591
**Loss Date:** February 4, 2022
**Loss State:** WY

# Claim Information

March 16, 2026

Dear John Harper,

Vehicle: 2020 DOONAN TRAILER

VIN: 1D9BG532XL1609882

Your vehicle was involved in a loss and determined to be a total loss in the above-mentioned claim. Since you chose not to retain the vehicle, under the terms of your policy, we may share a portion of the net salvage proceeds received from the sale of the totaled vehicle with you.

The vehicle has now been disposed of with the following outcome:

- The amount received from the sale of your vehicle was less than the cost of the transfer and sale of the vehicle. Progressive has paid these charges, but there are no net salvage proceeds returned to you.

If you have questions, please call me at the number below.

If you have any questions, please contact me.

Matthew R Ridenour
Claims Department

**Any person who knowingly and with intent to defraud an insurance company files a claim containing any materially false information may be subject to prosecution for insurance fraud.**

**Visit claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim.

**Contact us**
1-440-910-1373
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-877-213-7258

EXHIBIT 5
PAGE 1



Form CLM0000025 (01/22)

Verified Copy of Original 9/28/2026.

JOHN HARPER
PO BOX 55695
PORTLAND OR 97238-5695

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: 8208228

| TITLE NUMBER | | | | ISSUE DATE |
|---|---|---|---|---|
| OR0005314424 | | | | 01/07/2026 |
| **YEAR** | **MAKE** | **STYLE** | **MODEL** | **VEHICLE IDENTIFICATION NUMBER** |
| 2020 | DOON | FB | | 1D9BG532XL1609882 |

EQUIPMENT NUMBER:

SURVIVORSHIP: N/N

ODOMETER READING: | ODOMETER DATE:

ODOMETER MESSAGE:

OWNER/LESSEE
HARPER, JOHN
27010 OLD RAINIER RD
RAINIER OR 97048-2920

## TITLE BRANDS

The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

-NONE-

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST)
X
DATE

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST
X
DATE

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST
X
DATE

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID IF ALTERED OR ERASED

VOID IF ALTERED OR ERASED

VOID WITHOUT CHAIN LINK WATERMARK

735-410 (11-23)

EXHIBIT 6
PAGE 1

28/2026.

# WYOMING
OFFICE OF COUNTY CLERK
NATRONA COUNTY
CASPER, WYOMING

FEE $ 15.00

TITLE NUMBER 01-02312854
DATE ISSUED 2/04/2026

## CERTIFICATE OF TITLE

| YEAR | MAKE / MANUFACTURER | BODY STYLE / VESSEL TYPE | VEHICLE IDENTIFICATION NUMBER / HULL IDENTIFICATION NUMBER |
|---|---|---|---|
| 2020 | DOONAN | FLBTR | 1D9BG532XL1609882 |

| FACTORY PRICE / MSRP | WEIGHT | PRIOR STATE | PRIOR TITLE NUMBER | ODOMETER |
|---|---|---|---|---|
| $27,446.00 | | OR | OR0004514223 | |

| PURCHASE DATE | SELLER |
|---|---|
| 02/04/2022 | HARPER, JOHN<br>RAINER, OR |

OWNER

PROGRESSIVE CASUALTY INSURANCE COMPANY
2600 SALT CREEK HYW
CASPER, WY 82601

VEHICLE BRAND

IN WITNESS WHEREOF, I have hereunto caused this Certificate to be signed and the official seal of this office to be placed thereon.

By TRACY GOOD
County Clerk

SRS
Deputy

STATE OF WYOMING COUNTY CLERK NATRONA COUNTY (SEAL)

FOR COUNTY CLERK'S USE ONLY

| | | |
|---|---|---|
| FIRST LIEN | | First Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| SECOND LIEN | | Second Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| THIRD LIEN | | Third Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| FOURTH LIEN | | Fourth Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |

38483262
20 DOON
TRAILER
PH: 328 - PR: 328

38483262
SDOC
609882
PRG

* * ORIGINAL DOCUMENT HAS AN ENGRAVED HOLOGRAM AND ANTI-COPY FOIL SERIAL NUMBER. NOT VALID IF ALTERED OR CHANGED * *

MV-301 (4/21)

EXHIBIT 6
PAGE 2

These documents prepared for
John Harper
04/18/2022 by: [signature]
Natrona County Sheriff's Office
DO NOT DUPLICATE

Verified Correct Copy of Original 9/28/2026



# NATRONA COUNTY SHERIFF'S OFFICE

## INCIDENT REPORT

| | | | | | |
|---|---|---|---|---|---|
| | | | | **CS:** | 22-018793 |
| **Reported By:** | John Harper | **Address:** | 27010 Old Rener Road, Rener, Oregon | **Phone:** | [redacted] |
| **Victim:** | | **Address:** | | **Phone:** | |
| **Relationship to Offender:** | | **Value:** | | | |
| **Date & Time Occurred:** | 3/29/22 8:14 AM | **Location:** | 1998 Oilfield Center Road | | |
| **Date & Time Reported:** | 3/29/22 8:14 AM | **Subject:** | Citizen Assist | | |

**(PRELIMINARY INVESTIGATION)**

On March 29, 2022, at approximately 8:33 AM, Natrona County Sheriff's Corporal Newly Lemons responded to 1998 Oilfield Center Road, Natrona County, Wyoming for a citizen assist.

**(INTERVIEW/JOHN HARPER)**

Upon arrival, Cpl. Lemons spoke to John Harper [redacted] who stated substantially the following:

Harper believed his trailer was stolen from Bradshaw Towing in Lyman, Wyoming and it was now located at Copart in Casper, Wyoming. Harper stated his trailer caught on fire while he was in Lyman, Wyoming and he was in the middle of fighting with Progressive about the settlement after it was totaled. He had not agreed to them taking his trailer from Bradshaw Towing because there was still money left on the loan for the trailer. Harper advised the check from Progressive was sent to the bank for approximately $42,000 but it did not cover what he owed for approximately $56,000 which is why he did not agree to it. Harper believed this was theft, fraud, and conspiracy.

Harper found out his trailer was at Copart from his Progressive adjustor which is why he was there.

**(INVESTIGATION)**

The General Manager for Copart advised they got the trailer from Bradshaw Towing after they received paperwork from Progressive authorizing its release. Copart did not yet have all the paperwork to put the trailer up for auction and advised it would be in their yard for some time but he could not release it without Progressive's permission. He gave the name of Dennis Livingston [redacted] who was the adjustor he had listed for Progressive. He also provided Livingston's contact information to Harper at that time.

Cpl. Lemons explained to Harper that if he still believed his trailer was stolen after speaking to the towing company, to find out what paperwork they had to release it, he would need to contact the police department in Lyman, Wyoming as that is where the trailer was stored when it was released. Cpl. Lemons tried to explain that without more information his trailer was not stolen at this time but Harper did not agree.

EXHIBIT 7
PAGE 1

Verified Correct Copy of Original 9/28/2026.



**(INTERVIEW/DENNIS LIVINGSTON)**

After speaking to the General Manager, Cpl. Lemons contacted Livingston. He advised that the trailer was not stolen. Business insurance policies differ from auto policies in that you pick the amount to insure the item for. Sometimes owners choose to insure it for less for any number of reasons but usually to pay less premiums. After Progressive paid the total loss amount, they were now the owner of the trailer just as in an auto policy. Per the loan agreement, the check was sent to the bank and Harper was now responsible for the remaining balance on the loan.

**(INVESTIGATION)**

Cpl. Lemons called Harper and advised he spoke to the adjustor. Harper stated he was on the yard with Copart and would call back. The line disconnected.

**(CASE STATUS)**

Closed: No further action required.

| | | | |
|---|---|---|---|
| **Referred To:** | | | |
| **Supervisor Approval:** | KP | **Officer:** | Cpl. Newly Lemons |

These documents prepared for
John Harper
04/19/2022 by: [signature]
Natrona County Sheriff's Office
DO NOT DUPLICATE

_Verified Correct Copy of Original 9/28/2026._

SEAL COUNTY OF NATRONA, WYO.

# NATRONA COUNTY LEGAL DEPARTMENT

Natrona County Courthouse
200 North Center Street, Suite 300, Casper, Wyoming 82601
307-235-9221

Ashley Smith
County Attorney

September 16, 2026

John Harper
P.O. Box 55695
Portland, OR 97238
johnharper@gmx.com

RE: Letter Dated August 17, 2026

Mr. Harper:

This letter is in response to your letter dated August 17, 2026.

In your letter you cite Oregon statute 742.558(2)(a). Oregon laws do not pertain to Wyoming and Wyoming is not obligated to follow Oregon laws. Therefore, this cite is irrelevant.

As previously discussed, your trailer was released to Copart through the insurance company. The insurance company paid the bank, and the trailer was re-titled to Progressive Casualty Insurance Company on February 4, 2022.

The Natrona County's Sheriff's office is not covering up any crime. They have and will continue to follow Wyoming's laws.

Furthermore, the incident occurred on February 4, 2022, this is past the statute of limitations for actions to recover personal property. Wyoming Statute §1-3-105 states that civil actions for the recovery of personal property must be brought within four (4) years.

As far as Natrona County's Sheriff's office is concerned, this matter is closed.

If you wish to seek legal action, then you will need to obtain a lawyer and/or file a lawsuit. Natrona County will not respond to any further communications pertaining to this issue outside of a filed lawsuit. Should a lawsuit be filed, Natrona County shall respond to the lawsuit according to law.

Respectfully,
Ashley Smith
Ashley Smith
County Attorney
200 North Center Street, Suite 300
Casper, WY 82601
(307)235-9221

EXHIBIT 7
PAGE 3

_Verified Correct Copy of Original 9/28/2026._

PROGRESSIVE

# Claim Summary

Claim 22-4759591

**Appointment Scheduled**
**Tuesday, February 22, 2022**

**Property**
'20 DOONAN TRAILER
VIN 1D9BG532XL1609882

**Incident date**
2/4/2022

**Payout Summary**

**Payout for you**

**Your Claim Rep**

EXHIBIT 8
PAGE 1

_Verified Correct Copy of Original 9/28/2026._

PROGRESSIVE®

PROGRESSIVE CASUALTY INS CO
300 N COMMON BLVD G23
MAYFIELD VILLAGE, OH 44143
4406032501

11/18/24

JOHN HARPER
27010 OLD RAINIER RD
RAINIER, OR 97048

Claim #: 22-4759591
Date of loss: 2022-02-04
Copart Lot# 38483262
Vehicle: 20 DOON TRAILER SILVR
VIN: 1D9BG532XL1609882

Dear JOHN HARPER,

We have in our possession the above referenced vehicle. The vehicle was brought to Copart by PROGRESSIVE CASUALTY INS CO as part of a total loss settlement.

Complete and return POA AND SIGNED TITLE IF YOU HAVE IT.

You can return the original(s), signed and notarized, to the following address:

COPART
2600 SALT CREEK HIGHWAY
CASPER, WY, 82601

If you have questions, please call 303-346-3265. Be sure to reference the Copart Lot# 38483262 when you call.

Thank you for your prompt attention in this matter.

Sincerely,
Title Department
**PROGRESSIVE CASUALTY INS CO**

EXHIBIT 8
PAGE 2

Verified Correct Copy of Original 9/28/2026.

PROGRESSIVE®

PROGRESSIVE CASUALTY INS CO
300 N COMMON BLVD G23
MAYFIELD VILLAGE, OH 44143
4406032501

12/02/24

JOHN HARPER
27010 OLD RAINIER RD
RAINIER, OR 97048

Claim #: 22-4759591
Date of loss: 2022-02-04
Copart Lot# 38483262
Vehicle: 20 DOON TRAILER SILVR
VIN: 1D9BG532XL1609882

Dear JOHN HARPER,

We have in our possession the above referenced vehicle. The vehicle was brought to Copart by PROGRESSIVE CASUALTY INS CO as part of a total loss settlement.

Complete and return POA AND SIGNED TITLE IF YOU HAVE IT.

You can return the original(s), signed and notarized, to the following address:

COPART
2600 SALT CREEK HIGHWAY
CASPER, WY, 82601

If you have questions, please call 303-346-3265. Be sure to reference the Copart Lot# 38483262 when you call.

Thank you for your prompt attention in this matter.

Sincerely,
Title Department
PROGRESSIVE CASUALTY INS CO

EXHIBIT 8
PAGE 3

Verified Correct Copy of Original 9/28/2026.

PROGRESSIVE
National Salvage Unit
5920 Landerbrook Dr
Mayfield Village, OH. 44143
Phone: (888) 873-1162

Date:
JOHN HARPER
27010 OLD RAINER RD
RAINIER, OR 97048

Claim#: 22-4759591
Date of Loss:02/04/2022

## Document Request

**Please forward at your earliest convenience**

Please be advised that the vehicle identified by 1D9BG532XL1609882., 2020 DOONAN TRAILER has been deemed a total loss. To process this claim, Progressive requires the following documents from each named owner or lien holder. These will enable Progressive Casualty Insurance Company to transfer the vehicle into Progressive's name.

We have included a return envelope along with any additional documents needed. If you have the title for the above-mentioned vehicle, please include it with the enclosed return envelope in addition to any other requested documents. If applicable, please sign all documents exactly as your name appears on the title.

If you have any questions regarding my request, please call me at the phone number listed below.

☐ **Title/ Lien Release Letter**

☒ **Power of Attorney/Odometer Form**

☐ **Clear copy of Driver License or Photo Identification**

☐ **Other:**

If for any reason you have any questions or are unable to provide these documents, please contact me directly at the phone number listed below.

Thank you in advance for your cooperation.

*Amber Harrison*
Sr. Salvage Processor
National Salvage Unit
**440-566-9230**

Enclosure

**EXHIBIT** 8
**PAGE** 4

_Verified Correct Copy of Original 9/28/2026_

# SIGNED STOLEN VEHICLE REPORT

DATE OF THEFT 03-24-22
CASE NUMBER 22-03227
LICENSE PLATE NUMBER HU 88546
VEHICLE YEAR 2020
VEHICLE MAKE DOONAN
VEHICLE MODEL Trailer (FltBed)
VEHICLE COLOR Aluminum
NUMBER OF DOORS —
ANY UNUSUAL MARKS, DENTS, DAMAGE TO THE VEHICLE (CAMPERSHELLS, TOOL BOXES, ETC.)
VIN #
Fire damage on Rear above axles.

OWNER SIGNATURE

By signing th

**Lyman Police Department**

prosecution.

Kathy Adams
Chief of Police
Badge #L-1

P.O. Box 300
100 East Sage Street
Lyman, WY 82937

Phone: 307-787-6500
Fax: 307-787-3753

EXHIBIT 9
PAGE 1

FILED COLUMBIA COUNTY COURT
2026 SEP 28 PM 3:08

_Verified Correct Copy of Original 9/28/2026._

**IN THE CIRCUIT OF THE STATE OF OREGON COURT**

**FOR THE COUNTY OF COLUMBIA**

**JOHN HARPER,**

**Plaintiff,**

**vs.**

**ARTISAN AND TRUCKERS' CASUALTY COMPANY AND/OR PROGRESSIVE INSURANCE CORPORATRION, INC.**
**Defendant**

**CASE NO:** 26CV51407
Judge: Clarke, Michael T

**AFFIDAVIT OF JOHN HARPER IN SUPPORT A CLAIM**

I, John Harper, being duly sworn, state as follows:

1. I am Plaintiff in the above-entitled action, and I am familiar with the file, records, and pleading in this matter.

2. John Harper did not release the trailer.

3. John Harper did not sale the trailer.

4. The Trailer Doonan Chaparral II year 2020 Vin#1D9BG5532XL1609882.

Dated: September 28, 2026

[signature]
Plaintiff John Harper In Pro Se

**NOTARY ACKNOWLEDGEMENT**

A notary public or other completing this certificate verifies only the identity of the individual who signed the documents to which this certificate is attached.

JOHN HARPER SWORN TO AND SUBSCRIBED BEFORE ME on September 28th, 2026

State of Oregon

County of Multnomah

OFFICIAL STAMP
RICARDO ARTURO BARRIOS PARRA
NOTARY PUBLIC - OREGON
COMMISSION NO. 1062653
MY COMMISSION EXPIRES SEPTEMBER 30, 2029

Notary Public Oregon My Commission Expires: 9/30/29

FILED COLUMBIA COUNTY COURT
2026 SEP 28 PM3:08

_Verified Correct Copy of Original 9/28/2026._

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF COLUMBIA**

| | |
|---|---|
| **JOHN HARPER,**<br>**Plaintiff,**<br>**vs.**<br>**ARTISAN AND TRUCKERS' CASUALTY COMPANY AND/ OR PROGRESSIVE INSURANCE CORPORATION, INC.**<br>**Defendant** | **CASE NO:** 26CV51407<br>Judge: Clarke, Michael T<br><br>**FIRST SET OF REQUESTS FOR ADMISSIONS PROPOUNDED BY PLAINTIFF TO DEFENDANT ORCP 45** |

**Pursuant to ORCP 45 A Request for admission.** After commencement of an action, a party may serve on any other party a request for the admission by the latter of the truth of relevant matters within the scope of Rule 36 B specified in the request, including facts or opinions of fact, or the application of law to fact, or of the genuineness of any relevant documents or physical objects described in or exhibited with the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Each matter of which an admission is requested shall be separately set forth. The request may, without leave of court, be served on the plaintiff after commencement of the action and on any other party with or after service of the summons and complaint on that party. The request for admissions shall be preceded by the following statement printed in capital letters in a font size at least as large as that in which the request is printed: "FAILURE TO SERVE A

_Verified Correct Copy of Original 9/28/2026._

WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS."

**B Response.** The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney; but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint on that defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the answering party states that reasonable inquiry has been made and that the information known or readily obtainable by the answering party is insufficient to enable the answering party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 46 C, deny the matter or set forth reasons why the party cannot admit or deny it.

In addition, if you provide False Statements, Fraud, and Misrepresentation the disciplinary sanctions will be filed.

_Verified Correct Copy of Original 9/28/2026._

The following standards of the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards") (1991 ed. & Feb. 1992 Supp.)

6.1 False Statements, Fraud, and Misrepresentation 6.11 Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding. 6.12 Suspension is generally appropriate when a lawyer knows that false

The Plaintiff John Harper propund this First Set of Request for Admission pursuant to Rule 45 of the Oregon Civil Rule procedure, requesting that the Defendant admit or deny the truthfulness of said requests within 30 days of service hereof.

FIRST SET OF REQUESTS FOR ADMISSIONS

DIFINITIONS

The term "trailer", as used occurrence described in the complaint herein means the commercial trailer 2020 Doonan Trailer Vin# 1D9BG532XL2XL1609882 (20 DOONAN TRAILER)

**REQUESTS FOR ADMISSIONS**

**Request No. 1:** On February 5, 2022, Plaintiff John Harper opens a claim# 22-4759591 for Doonan Trailer. Vin# 1D98BG532XL1609882.

**Respond:**

**Request No. 2:** The accident happened at Uinta County, Wyoming on 02/04/2022.

**Respond:**

**Request No 3:** Appointment to investigate the accident was scheduled on 02/22/2022 at Lyman Wyoming Uinta County. *See Exhibit # 8. P1*

_Verified Correct Copy of Original 9/28/2026._

**Respond:**

**Request No 4:** The Doonan Trailer. Vin# 1D98BG532XL1609882 was removed from Lyman, Wyoming Uinta County to Casper Natrona County on March 24, 2022.

**Respond:**

**Request No 5:** Natrona County Wyoming had trailer on their possession from March 24, 2022.

**Respond:**

**Request No 6**: Natrona County stated purchase date on Certificate of Title is 02/04/2022, before claim was opened. *See Exhibit # 6. P2*

**Respond:**

**Request No 7:** Natrona County stated that the seller is a John Harper. *See Exhibit # 6. P2*

**Respond:**

**Requests No 8:** John Harper did not sale and/or release the trailer to Insurance Company.

**Respond:**

**Request No 9:** Insurance Company has no release and/ or sale agreement with John Harper on claim # 22-4759591.

**Respond:**

**Request No 10:** On Wyoming Certificate of Title prior title # OR0004514223 not match to real title of John Harper. (John Harper title # OR0005314424) *See Exhibit # 6. P1, 2*

**Respond:**

**Request No 11:** The defendant made settlement offer to plaintiff for $52,553,68 and plaintiff (owner) retain the trailer (salvage) *See Exhibit # 1. P4.*

**Respond:**

_Verified Correct Copy of Original 9/28/2026._

**Request No 12:** Total Loss insurance regulation stated **Emphasis added:** *You have the option to retain your vehicle salvage. See Exhibit # 4. P3*

**Respond:**

**Request No 13:** The defendant has on possession plaintiff's trailer.

**Respond:**

**Request No 15:** Defendant continuously refused return trailer to John Harper from March 2022 until precent time or 09/29/2026

**Respond:**

**Request No 16:** The stolen vehicle report did not stop you to keep stolen trailer. *See Exhibit 9*

**Respond:**

**Request No 17:** Defendant misled Federal Court by statement **Emphasis added:** *Amur was the rightful owner of the trailer, not Plaintiff. See Exhibit # 3. P1*

**Respond:**

Dated this 28 day of September 2026

JOHNHARPER PLAINTIFF IN PRO SE
PO BOX 55695
PORTLAND, OR 97238
Phone | 503-410-1326
Email zakharper77@hotmail.com
PLAINTIFF IN PRO SE

Verified Correct Copy of Original 9/28/2026.

-791239717611

**Liability**
Aaron Featherston (A129603) **03/07/2022 12:30 PM ET**
LIABILITY COMPLETE
RESOLUTION SUMMARY: FIRE WHILE DRIVING
NO APPARENT SUBRO

**File Intervention**
Matthew Minch (MXM0308) **03/08/2022 01:17 PM ET**
REVIEWED AUTH REQUEST. SETTLEMENT AMOUNT INCLUDES TOW BILL PER FS AUTH NOTE.
COVERAGE IS IN ORDER, AUTH GRANTED.

**PD Suite** Managed Repair | 2020 DOONAN TRAILER
Dennis Livingston (DXL0096) **03/09/2022 10:10 AM ET**
S/W INSURED JOHN HARPER (503) 310-4999

REV TOTAL LOSS SETTLEMENT

ADVISED SAME OF ORS AS HE HAD STRIPPED WRECKAGE TRAILER OF ALL VALUABLE PARTS

INSURED UNDERSTOOD AND ACCEPTED ORS T/L SETTLEMENT

INSURED REQ LOAN P/O BE SENT TO HIM

ADVISED SAME PAYMENT IS OWED TO FINANCE COMPANY AND WILL REQIRE WRITTEN COMMUNICATION FROM BANK TO DO OTHERWISE

ADVISED INSURED HE WILL NEED TO CONTACT TOW YARD TO ADDRESS THE SALVAGE TRAILER. INSURED STATES HE MAY BE KEEPING IT

WILL COMPLETE T/L HANDOFF

**Total Loss**
Dennis Livingston (DXL0096) **03/09/2022 11:15 AM ET**
TOTAL LOSS HANDOFF
**
VEHICLE: 2020 DOONAN TRAILER
ORS OR PRS: ORS
FINANCE AGREEMENT: NONE
TOTAL SETTLEMENT/PAYMENT (LESS DED): $52,553.68
WITHIN AUTHORITY: NO
IF NO, IS MANAGEMENT AUTH IN FILE? - YES
SALVAGE OPEN/REFERRED: YES
CUSTOMER EXPECTATION SET: WITHIN 24HRS

**Total Loss**
Dennis Livingston (DXL0096) **03/09/2022 11:33 AM ET**
PLEASE NOTE THIS A OWNER RETAIN SALVAGE TOTAL LOSS AND NEEDS TO BE RESOLVED AS SUCH ***$ 52,553.68***

settlement - owner retain salvage

**Total Loss**
Aaron Featherston (A129603) **03/09/2022 02:34 PM ET**
OBC TO NICOLE TAYLOR 308-398-4140
-
-SHE ADVISED THAT ORS IS AN OPTION BUT THAT INSURED WOULD NEED TO PAY OFF THE FULL AMOUNT AND THAT WOULD BE $9,375.34 (COULD BE A DISCOUNT IF PAID IN FULL)
-IF ORS, WE WOULD PAY THE BANK THE SETTLEMENT AMOUNT AND THEY WORK WITH INSURED TO GET THE REMAINING AMOUNT
-
-IF PRS THEN PAYOFF AMOUNT IS $61,926.02
-THEY WILL TAKE THE AMOUNT WE GIVE AND SEND TITLE AND WORK WITH INSURED FOR

EXHIBIT 1
PAGE 1

Progressive Group of Insurance Companies

_Verified Correct Copy of Original 9/28/2026._

# Settlement Summary

## Claim Information

**Claim Number:** 22-4759591-02
**Policy Number:**
**Owner :** HARPER, JOHN

**Coverage Type of Loss:** Comprehensive
**Loss Date:** 02/04/2022
**Reported Date:** 02/05/2022
**Valuation Report ID:** 1014369576

## Vehicle Information

**Loss Vehicle:** 2020 DOONAN TRAILER
**VIN:** 1D9BG532XL1609882
**Mileage:** 1 miles

**Location:** OR 97238
**Exterior Color:** SILVER
**License Plate:** HU88546

## Loan Information

| | |
|---|---|
| **Lien Holder Payoff:** | $57,864.47 |
| **Loan/Lease Payoff Coverage:** | $0.00 |

## Payment Information

| | |
|---|---|
| **Lien Holder Payment(s):** | $52,553.68 |
| **Net to Owner:** | $0.00 |

# Settlement

| | |
|---|---|
| **Stated Amount:** | $54,500.00 |
| **Actual Cash Value:** | $0.00 |
| Base Value: | $0.00 |
| Title History Adjustment: | -$0.00 |
| Refurbishment Adjustments: | $0.00 |
| After Market Parts Adjustment: | $0.00 |
| Condition Adjustment: | $0.00 |
| Prior Damage Adjustment: | -$0.00 |
| **Market Value:** | $ 0.00 |
| Settlement Adjustment(Pre-Tax): | $0.00 |
| **Fees:** | $53.68 |
| **Taxes:** | $ 0.00 |
| **Owner Retains:** | -$1,000.00 |
| **Net Settlement:** | $53,553.68 |
| **Settlement Adjustment(Post-Tax):** | $0.00 |
| **Deductible:** | -$1,000.00 |
| **Other Adjustments:** | $ 0.00 |
| **Total Settlement:** | $52,553.68 |

**Adjuster License #:**
**Comments:**

EXHIBIT 1
PAGE 2

_Verified Correct Copy of Original 9/28/2026._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| JOHN HARPER,<br><br>Plaintiff,<br><br>v.<br><br>AMUR EQUIPMENT FINANCE, INC.; WATSON & CHELAN MANUFACTURING, INC.; ARTISAN AND TRUCKERS CASUALTY COMPANY, INC.; and/or PROGRESSIVE INSURANCE CORPORATION, INC.,<br><br>Defendants. | Case No. 3:22-CV-1723-YY<br><br>**DEFENDANTS' JOINT STATUS REPORT** |

Pursuant to Fed. R. Civ. P. 26(f)(3) and LR 26-1, Defendants Amur Equipment Finance, Inc (Amur) and Artisan & Truckers Casualty Company (Artisan), (each, a "Party" and collectively, the "Parties") submit the following Defendants' Joint Status Report. Defendants attempted on two separate occasions to confer with Mr. Harper in accordance with Fed. R. Civ. P. 26(f)(3). On January 6, 2023, Amur, Artisan, and Mr. Harper participated in a conference via telephone. Amur and Artisan were unable to come to an agreement with Mr. Harper regarding the terms of the Joint Status Report. In light of the same, Amur and Artisan file a Defendants' Joint Status Report, setting



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 2
PAGE 1

Verified Correct Copy of Original 9/28/2026.

forth terms which Amur and Artisan were able to agree upon. Mr. Harper has the right to file a Status Report setting forth the terms he deems appropriate. The Parties will turn to the Court for a decision regarding inconsistencies between Defendants' Joint Status Report and any filings by Mr. Harper.

For the reasons discussed in Section 1, specially appearing defendant Watson & Chalin Manufacturing Inc. ("W&C") did not participate in the parties' Rule 26(f) conference in light of its challenge to personal jurisdiction and currently takes no position with respect to the case management deadlines or other discovery or trial related matters set forth in this Joint Status Report which address any matter unrelated to W&C's pending motions.

## JOINT STATUS REPORT

### 1. Defendant W&C's Position With Respect to Discovery and Case Management Deadlines.

The Court has stayed all discovery involving W&C pending a ruling on W&C's Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 26). W&C therefore did not participate in the Rule 26(f) conference and takes no position with regard to the matters addressed in the Report.

### 2. Statement of Nature and Complexity of Case

This is an action filed by Mr. Harper regarding a Doonan Chaparral II Drop Deck Trailer Vin# 1D9BG5532XL1609882 (hereinafter "the Trailer"). The Complaint alleges that the Trailer was manufactured by Doonan Specialized Trailers, LLC. On February 3, 2022, Mr. Harper loaded the trailer with three excavators he picked up from the Port of Tacoma in Washington. On February 4, 2022, while Mr. Harper was transporting the load through Wyoming, a fire started on the back rear axle of the trailer. The fire damaged the trailer and the excavators. After the fire, the Trailer was relocated to Bradshaw Towing, in Wyoming.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 2
PAGE 2

_Verified Correct Copy of Original 9/28/2026._

Mr. Harper has brought claims against Amur Equipment Finance, Inc., the party who financed the Trailer; Watson & Chalin Manufacturing, Inc., the party who sold the Trailer's suspension/axle system to Doonan Specialized Trailers, LLC; and Artisan & Truckers Casualty Company, the party who insured the Trailer. Mr. Harper make claims against all Defendants resulting from the loss of the Trailer. The Defendants deny all of Mr. Harper's allegations as set forth in the Complaint.

The Defendants intend to conduct discovery to understand the basis and nature of Mr. Harper's claims, whom they are directed at, and the amount of damages requested regarding the same. W&C does not intend to conduct or respond to such case related discovery while its motions remain pending.

**3. Deadline for Joining Additional Parties**

The proposed deadline for joining additional parties is March 7, 2023.

**4. Proposed Discovery Plan, Pursuant to Fed. R. Civ. P. 26(f)(3):**

***A. Date of Initial Disclosures*:**

The Defendants intend to exchange initial disclosures within 14 days of the FRCP 26(f) conference.

***B. Subjects, Timing, and Potential Phasing of Discovery***

The Defendants reserve the right to conduct discovery as permitted under the applicable court rules. The Parties anticipate discovery on the claims at issue, the alleged damages, and all other matters likely to lead to the discovery of admissible evidence. The Parties do not believe that any discovery phasing is necessary for this case.

***C. Electronically Stored Information***



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 2
PAGE 3

Verified Correct Copy of Original 9/28/2026.

The Defendants agree to take all reasonable efforts to preserve electronically stored information related to this case and do not anticipate any issues associated therewith. The Parties do not agree to adopt the Model Agreement Regarding Discovery of ESI at this time but will revisit if the issues arise regarding the production of electronically stored information in this matter.

*D. Privilege Issues*

The Defendants agree that any claims of privilege or of protection of trial preparation materials will be made at the time of production and be accompanied by a privilege log stating the privilege asserted, as well as the date and description of the document, and the name and title of author(s) and recipient(s). The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

*E. Proposed Limitations on Discovery*

The Defendants do not currently propose any modifications to the discovery limitations contained in the Federal and Local Civil Rules, but reserve the right to request modifications as necessary.

*F. The Need for Any Discovery Related Orders*

The Court has entered an Order staying all discovery related to W&C pending a ruling on its Motion to Dismiss. (ECF No. 26). The Parties do not request that the Court enter any other discovery-related orders at this time.

5. **Date by Which Discovery Can be Completed:**

The Defendants propose close of discovery to occur approximately 90 days before the trial date, or whenever this Court generally sets a discovery cut off.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: [illegible]

_Verified Correct Copy of Original 9/28/2026_

**6. Date the Case Will Be Ready for Trial & Calendaring Conflicts:**

The Parties are unable to agree on a time for Trial. Plaintiff asserts the matter will be ready for Trial in March or April of 2023. The Defendants assert this matter will be ready for Trial by February of 2024.

**7. Total Number of Trial Days:**

The Defendants agree that four (4) court days will be sufficient for a trial.

**8. Date Corporate Disclosure Statement Filed Pursuant to Fed. R. Civ. P. 7.1 Local Civil Rule 7.1:**

W&C filed its Corporate Disclosure Statement on December 12, 2022. Artisan filed its Corporate Disclosure Statement on December 13, 2022. Amur filed its Corporate Disclosure Statement on December 22, 2022.

DATED this 10th day of January, 2023.

**LETHER LAW GROUP**

*s/ Eric J. Neal*
Eric J. Neal, OSB # 110268
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
eneal@letherlaw.com
*Attorney for Defendant Artisan and Truckers Casualty Company*

**FARLEIGH WADA WITT**

*s/ Holly Hayman*
Margot D. Seitz, OSB #075982
Holly C. Hayman, OSB #114146
mseitz@feelaw.com
hhayman@fwwlaw.com

_Verified Correct Copy of Original 9/28/2026._

Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, OR 97204
T: 503-228-6044
F: 503-288-1741
*Attorneys for Defendant Amur Equipment Finance, Inc.*

MB LAW GROUP

s/ Michael A. Yoshida
John W. Knottnerus, OSB #892788
Michael A. Yoshida, OSB #065631
jknottnerus@mblglaw.com
myoshida@mblglaw.com
MB Law Group, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
T: 503-914-2015
*Attorneys for Defendant Watson & Chalin Manufacturing, Inc.*

_Verified Correct Copy of Original 9/28/2026._

Ex. B at pg. 38. Artisan reviewed claim details with the officer and explained payment was sent to lienholder of the Trailer, the Trailer was moved to a salvage yard, that Plaintiff is no longer the owner of the trailer, and the claim was resolved in accordance with the policy. Ex. B at pg. 38.

As of March 31, 2022, Artisan was waiting for the title of the trailer to be sent by Amur. After the settlement, Plaintiff had a change of heart and expressed his desire to retain the Doonan trailer. In response to Plaintiff's change of heart, Artisan considered two potential resolutions.

### *6. Resolution Attempts*

First, Artisan contacted Amur to explore the possibility of allowing Plaintiff to keep the trailer, even though Plaintiff still owed money on the loan. Artisan also inquired if Amur would be willing to refund the original settlement amount and recalculate the cost for Plaintiff to retain the salvage. Artisan emphasized that if Amur did not agree to a refund, it was obligated to adhere to the original agreement with Amur, as Amur was a listed party of interest on the Artisan Policy.

Second, Artisan suggested an alternative resolution. If Plaintiff still wished to retain the trailer, Artisan was prepared to facilitate the purchase of the vehicle back from Amur before it went to auction. Artisan clarified that it was entitled to all salvage and that there was no obligation under the Artisan Policy to allow Plaintiff to obtain the salvage. Additionally, Artisan noted that because Amur was a listed party of interest on the policy and in possession of the title, Amur was the rightful owner of the trailer, not Plaintiff.

Artisan contacted Amur and explained the situation, Amur informed Artisan that because it had already sent the title to Artisan, Plaintiff would not be able to keep the Trailer. Ex. B at pg. 42 and 43. On April 1, 2022, Artisan called Plaintiff to explain that Amur stated it was not possible for Plaintiff to keep the Trailer because the title had already been sent to Artisan. Ex. B at pg. 43. In response, Plaintiff stated that Artisan stole his trailer and that he was owed an additional



LETHER LAW GROUP.
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

EXHIBIT 3
PAGE 1

| Transaction No. | Contract No. |
|---|---|
| 118261 | 955628 |

Verified Copy of Original 9/22/2026.

# POWER OF ATTORNEY FOR TITLE AND LIEN APPLICATIONS

The undersigned **John Harper** (the **Debtor**), being the buyer, seller, registered owner or legal owner of the following vehicle (the **Vehicle**):

| | |
|---|---|
| **Year** | 2020 |
| **Manufacturer** | DOONAN |
| **Model** | 532ABLFDIMMZ |
| **VIN** | 1D9BG532XL1609882 |

does hereby designate and appoint **Amur Equipment Finance, Inc.**, and/or its agents (including but not limited to **Decision Dynamics, Inc. and its respective employees, located at 1324 N. Lake Drive, Lexington, SC 29072; and Precision Auto Title Service and its respective employees, located at 9706 Somerset Blvd Suite 6, Bellflower, CA 90706**), successors and assigns, including but not limited to **Axis Title, LLC** (collectively the **Agent**), as true and lawful Attorney-in-Fact, with full power of substitution, and hereby authorizes and empowers Agent, in the name, place and stead of Debtor, to take the following actions and to do the following things from time to time with respect to the Vehicle for the purpose of enabling Agent in the name of Debtor to do any and all of the following:

(1) To take any and all actions and to do any and all things necessary or desirable in all matters pertaining to the titling or registration, sale or transfer of ownership or recording of a lien (including into the name of Agent), or applying for an original or duplicate certificate of title to the Vehicle, or any other similar forms or documents in the name and stead of Debtor in connection therewith;

(2) To do and perform all acts necessary to carry into effect and exercise the rights and powers granted by this Power of Attorney to the same extent that Debtor might or could do with the same validity as if all and every such act had been herein particularly stated, expressed and especially provided for; and

(3) To delegate said power of attorney to any person it deems appropriate but only for the limited purposes set forth herein.

This Power of Attorney, being coupled with an interest, is irrevocable and cannot be cancelled. A photocopy or other facsimile thereof shall constitute proof of Agent's continuing authorization to act on behalf of Debtor in all matters referred to above.

DATED this 1st day of Dec, 20 20.

**DEBTOR John Harper**

**Signature** [signature]

**Printed Name John Harper**

**Title Owner**

**A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.**

STATE OF WA )
) ss.
COUNTY OF Cowlitz )

The foregoing instrument was acknowledged before me this 1st day of Dec, 2020.

Notary Public Signature: [signature]

(Affix Notary Seal below)

SUJAN SHRESTHA
NOTARY PUBLIC #20105451
STATE OF WASHINGTON
MY COMMISSION EXPIRES
04-11-24

**EXHIBIT** 3
**PAGE** 2

PROGRESSIVE

_Verified Correct Copy of Original 9/28/2026._

EXPLORE CLAIMS
*Process, FAQ, roadside, & more*

Report/view claim

P · Insurance Claims · FAQ · Total Loss

# Total loss

When an accident causes extensive or costly damage to your vehicle, we may determine it's not practical to complete repairs (this usually means that repairs cost more than the actual cash value of your vehicle). If this is the case, your car is determined a total loss, and we issue you and/or your lienholder payment for the value of your car (minus your deductible if you're a Progressive policyholder). We need to complete an inspection of your vehicle before we can determine the value and whether it's a total loss.

We know this experience can be stressful—and in some cases emotional. If you have a total loss, we manage the process for you and answer any questions you have along the way. Here are a few of the most common questions.

## What is a total loss?

Generally, a vehicle is a total loss when the cost to return it to its pre-loss condition is greater than the value of the vehicle. And, in some states, a vehicle may be a total loss if the repair costs would exceed a percentage (e.g., 80%) of the vehicle's value.

EXHIBIT 4
PAGE 1

To determine the vehicle's value, and in accordance with any applicable state laws, we review the mileage, options, and

condition of your vehicle against the current values of comparable vehicles.

_Verified Correct Copy of Original 9/28/2026._

## Is there anything I can do now to prepare in the event my car is determined a total loss?

Yes, see the list below. Don't make any final decisions or plans until we complete an inspection of your car and communicate whether your car is a total loss.

- If you have a loan on your car, locate the paperwork that shows who holds the loan, the account number, and the lender's contact information.
- If you don't have a loan on your car, locate your title.
- Remove personal items from your vehicle, including license plates.
- If you plan to purchase a replacement vehicle in the event your vehicle is a total loss, begin researching your options and contact your lender to discuss financing. If you need help finding a replacement car (new or used), you can use Progressive's free car shopping service.

## How much will I get for my vehicle?

We pay you its actual cash value — which is the market value of your vehicle based upon several factors, such as its pre-loss condition, age, options, mileage, etc. — minus any applicable deductible if you're Progressive insured. We work with a third-party to help determine the actual cash value. Then, we give the payment to you/the vehicle owner, your lender, or both.

EXHIBIT 4
PAGE 2

_Verified Correct Copy of Original 9/28/2026._

## What paperwork do you need before you can issue my payment?

We need to obtain the physical title, and have you fill out the necessary fields (including the odometer disclosure statement) and sign the title. If a lender holds the title, we get the title from them after you fill out and sign a Power of Attorney and odometer disclosure statement (we send this to you as well). Keep in mind, there may be additional/differing state requirements.

## Will I still owe money on my loan or lease?

You might still owe money on your loan or lease if the actual cash value of your vehicle is less than what you owe. If you have Loan/Lease Payoff (or gap) coverage through Progressive, it helps pay off the difference up to the available policy limits listed on your declaration page. You may also have separately purchased gap coverage through your dealer or another insurer.

## What happens to my vehicle?

You have the option to retain your vehicle salvage or transfer the title to us once we pay your claim. If you transfer the vehicle, we dispose of your totaled car and comply with the appropriate laws or regulations.

EXHIBIT 4
PAGE 3

## Can I get a rental car?

If you're a Progressive policyholder, and you have rental coverage on your policy, we cover the cost of a rental vehicle for up to three days (after we let you know the value of your vehicle). If you're not

9/28/2026

PROGRESSIVE CLAIMS
PO BOX 94621
CLEVELAND, OH 44101-9941

PROGRESSIVE

_Verified Correct Copy of Original 9/28/2026._

John Harper
PO BOX 55695
PORTLAND, OR 97238

**Underwritten by:**
Artisan and Truckers Casualty Company

**Claim Number:** 22-4759591
**Loss Date:** February 4, 2022
**Loss State:** WY

# Claim Information

March 16, 2026

Dear John Harper,

Vehicle: 2020 DOONAN TRAILER

VIN: 1D9BG532XL1609882

Your vehicle was involved in a loss and determined to be a total loss in the above-mentioned claim. Since you chose not to retain the vehicle, under the terms of your policy, we may share a portion of the net salvage proceeds received from the sale of the totaled vehicle with you.

The vehicle has now been disposed of with the following outcome:

- The amount received from the sale of your vehicle was less than the cost of the transfer and sale of the vehicle. Progressive has paid these charges, but there are no net salvage proceeds returned to you.

If you have questions, please call me at the number below.

If you have any questions, please contact me.

Matthew R Ridenour
Claims Department

**Any person who knowingly and with intent to defraud an insurance company files a claim containing any materially false information may be subject to prosecution for insurance fraud.**

**Visit claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim.

**Contact us**
1-440-910-1373
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-877-213-7258

**EXHIBIT** 5
**PAGE** 1



Form CLM0000025 (01/22)

Verified Copy of Original 9/28/2026

JOHN HARPER
PO BOX 55695
PORTLAND OR 97238-5695

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: 8208228

| TITLE NUMBER | ISSUE DATE | EQUIPMENT NUMBER |
|---|---|---|
| OR0005314424 | 01/07/2026 | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | SURVIVORSHIP |
|---|---|---|---|---|---|
| 2020 | DOON | FB | | 1D9BG532XL1609882 | N/N |

OWNER/LESSEE
HARPER, JOHN
27010 OLD RAINIER RD
RAINIER OR 97048-2920

| ODOMETER READING | ODOMETER DATE |
|---|---|
| | |

ODOMETER MESSAGE

## TITLE BRANDS

The title Brand printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

-NONE-

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST) X          DATE

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST
X          DATE

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST
X          DATE

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID IF ALTERED OR ERASED

VOID IF ALTERED OR ERASED

VOID WITHOUT CHAIN LINK WATERMARK

735-410 (11-23)

EXHIBIT 6
PAGE 1

# WYOMING
OFFICE OF COUNTY CLERK
NATRONA COUNTY
CASPER, WYOMING

FEE $ 15.00

TITLE NUMBER 01-02312854
DATE ISSUED 2/04/2026

## CERTIFICATE OF TITLE

| YEAR | MAKE / MANUFACTURER | BODY STYLE / VESSEL TYPE | VEHICLE IDENTIFICATION NUMBER / HULL IDENTIFICATION NUMBER |
|---|---|---|---|
| 2020 | DOONAN | FLBTR | 1D9BG532XL1609882 |

| FACTORY PRICE / MSRP | WEIGHT | PRIOR STATE | PRIOR TITLE NUMBER | ODOMETER |
|---|---|---|---|---|
| $27,446.00 | | OR | OR0004514223 | |

| PURCHASE DATE | SELLER |
|---|---|
| 02/04/2022 | HARPER, JOHN<br>RAINER, OR |

OWNER

PROGRESSIVE CASUALTY INSURANCE COMPANY
2600 SALT CREEK HYW
CASPER, WY 82601

VEHICLE BRAND

IN WITNESS WHEREOF, I have hereunto caused this Certificate to be signed and the official seal of this office to be placed thereon.

By TRACY GOOD
County Clerk
SRS
Deputy

STATE OF WYOMING COUNTY CLERK NATRONA SEAL

FOR COUNTY CLERK'S USE ONLY

| | | |
|---|---|---|
| FIRST LIEN | | First Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| SECOND LIEN | | Second Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| THIRD LIEN | | Third Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |
| FOURTH LIEN | | Fourth Lien Released ____ (Date)<br>County Clerk ____<br>Deputy ____ |

38483262
20 DOON
TRAILER
PH: 328 – PR: 328

38483262
SDOC
609882
PRG

* * ORIGINAL DOCUMENT HAS AN ENGRAVED HOLOGRAM AND ANTI-COPY FOIL SERIAL NUMBER. NOT VALID IF ALTERED OR CHANGED * *

MV-301 (4/21)

EXHIBIT 6
PAGE 2

Verified Correct Copy of Original 9/28/2026

These documents prepared for
John Harper
04/18/2022 by: [signature]
Natrona County Sheriff's Office
DO NOT DUPLICATE



# NATRONA COUNTY SHERIFF'S OFFICE

## INCIDENT REPORT

| | | | | | |
|---|---|---|---|---|---|
| | | | | **CS:** | 22-018793 |
| **Reported By:** | John Harper | **Address:** | 27010 Old Rener Road, Rener, Oregon | **Phone:** | [redacted] |
| **Victim:** | | **Address:** | | **Phone:** | |
| **Relationship to Offender:** | | **Value:** | | | |
| **Date & Time Occurred:** | 3/29/22 8:14 AM | **Location:** | 1998 Oilfield Center Road | | |
| **Date & Time Reported:** | 3/29/22 8:14 AM | **Subject:** | Citizen Assist | | |

**(PRELIMINARY INVESTIGATION)**

On March 29, 2022, at approximately 8:33 AM, Natrona County Sheriff's Corporal Newly Lemons responded to 1998 Oilfield Center Road, Natrona County, Wyoming for a citizen assist.

**(INTERVIEW/JOHN HARPER)**

Upon arrival, Cpl. Lemons spoke to John Harper [redacted] who stated substantially the following:

Harper believed his trailer was stolen from Bradshaw Towing in Lyman, Wyoming and it was now located at Copart in Casper, Wyoming. Harper stated his trailer caught on fire while he was in Lyman, Wyoming and he was in the middle of fighting with Progressive about the settlement after it was totaled. He had not agreed to them taking his trailer from Bradshaw Towing because there was still money left on the loan for the trailer. Harper advised the check from Progressive was sent to the bank for approximately $42,000 but it did not cover what he owed for approximately $56,000 which is why he did not agree to it. Harper believed this was theft, fraud, and conspiracy.

Harper found out his trailer was at Copart from his Progressive adjustor which is why he was there.

**(INVESTIGATION)**

The General Manager for Copart advised they got the trailer from Bradshaw Towing after they received paperwork from Progressive authorizing its release. Copart did not yet have all the paperwork to put the trailer up for auction and advised it would be in their yard for some time but he could not release it without Progressive's permission. He gave the name of Dennis Livingston [redacted] who was the adjustor he had listed for Progressive. He also provided Livingston's contact information to Harper at that time.

Cpl. Lemons explained to Harper that if he still believed his trailer was stolen after speaking to the towing company, to find out what paperwork they had to release it, he would need to contact the police department in Lyman, Wyoming as that is where the trailer was stored when it was released. Cpl. Lemons tried to explain that without more information his trailer was not stolen at this time but Harper did not agree.

_Verified Correct Copy of Original 9/28/2026._



**(INTERVIEW/DENNIS LIVINGSTON)**

After speaking to the General Manager, Cpl. Lemons contacted Livingston. He advised that the trailer was not stolen. Business insurance policies differ from auto policies in that you pick the amount to insure the item for. Sometimes owners choose to insure it for less for any number of reasons but usually to pay less premiums. After Progressive paid the total loss amount, they were now the owner of the trailer just as in an auto policy. Per the loan agreement, the check was sent to the bank and Harper was now responsible for the remaining balance on the loan.

**(INVESTIGATION)**

Cpl. Lemons called Harper and advised he spoke to the adjustor. Harper stated he was on the yard with Copart and would call back. The line disconnected.

**(CASE STATUS)**

Closed: No further action required.

| | | | |
|---|---|---|---|
| **Referred To:** | | | |
| **Supervisor Approval:** | KP | **Officer:** | Cpl. Newly Lemons |

These documents prepared for
John Harper
04/19/2022 by: [signature]
Natrona County Sheriff's Office
DO NOT DUPLICATE

EXHIBIT 7
PAGE 2

_Verified Correct Copy of Original 9/28/2026._

SEAL COUNTY OF NATRONA, WYO.

# NATRONA COUNTY LEGAL DEPARTMENT

Natrona County Courthouse
200 North Center Street, Suite 300, Casper, Wyoming 82601
307-235-9221

Ashley Smith
County Attorney

September 16, 2026

John Harper
P.O. Box 55695
Portland, OR 97238
johnharper@gmx.com

RE: Letter Dated August 17, 2026

Mr. Harper:

This letter is in response to your letter dated August 17, 2026.

In your letter you cite Oregon statute 742.558(2)(a). Oregon laws do not pertain to Wyoming and Wyoming is not obligated to follow Oregon laws. Therefore, this cite is irrelevant.

As previously discussed, your trailer was released to Copart through the insurance company. The insurance company paid the bank, and the trailer was re-titled to Progressive Casualty Insurance Company on February 4, 2022.

The Natrona County's Sheriff's office is not covering up any crime. They have and will continue to follow Wyoming's laws.

Furthermore, the incident occurred on February 4, 2022, this is past the statute of limitations for actions to recover personal property. Wyoming Statute §1-3-105 states that civil actions for the recovery of personal property must be brought within four (4) years.

As far as Natrona County's Sheriff's office is concerned, this matter is closed.

If you wish to seek legal action, then you will need to obtain a lawyer and/or file a lawsuit. Natrona County will not respond to any further communications pertaining to this issue outside of a filed lawsuit. Should a lawsuit be filed, Natrona County shall respond to the lawsuit according to law.

Respectfully,

Ashley Smith
County Attorney
200 North Center Street, Suite 300
Casper, WY 82601
(307)235-9221

EXHIBIT 7
PAGE 3

_Verified Correct Copy of Original 9/28/2026._

PROGRESSIVE

# Claim Summary

Claim 22-4759591

**Appointment Scheduled**
**Tuesday, February 22, 2022**

**Property**
'20 DOONAN TRAILER
VIN 1D9BG532XL1609882

**Incident date**
2/4/2022

**Payout Summary**

**Payout for you**

**Your Claim Rep**

EXHIBIT 8
PAGE 1

_Verified Correct Copy of Original 9/28/2026._

PROGRESSIVE

PROGRESSIVE CASUALTY INS CO
300 N COMMON BLVD G23
MAYFIELD VILLAGE, OH 44143
4406032501

11/18/24

JOHN HARPER
27010 OLD RAINIER RD
RAINIER, OR 97048

Claim #: 22-4759591
Date of loss: 2022-02-04
Copart Lot# 38483262
Vehicle: 20 DOON TRAILER SILVR
VIN: 1D9BG532XL1609882

Dear JOHN HARPER,

We have in our possession the above referenced vehicle. The vehicle was brought to Copart by PROGRESSIVE CASUALTY INS CO as part of a total loss settlement.

Complete and return POA AND SIGNED TITLE IF YOU HAVE IT.

You can return the original(s), signed and notarized, to the following address:

COPART
2600 SALT CREEK HIGHWAY
CASPER, WY, 82601

If you have questions, please call 303-346-3265. Be sure to reference the Copart Lot# 38483262 when you call.

Thank you for your prompt attention in this matter.

Sincerely,
Title Department
PROGRESSIVE CASUALTY INS CO

EXHIBIT 8
PAGE 2

Verified Correct Copy of Original 9/28/2026.

PROGRESSIVE

PROGRESSIVE CASUALTY INS CO
300 N COMMON BLVD G23
MAYFIELD VILLAGE, OH 44143
4406032501

12/02/24

JOHN HARPER
27010 OLD RAINIER RD
RAINIER, OR 97048

Claim #: 22-4759591
Date of loss: 2022-02-04
Copart Lot# 38483262
Vehicle: 20 DOON TRAILER SILVR
VIN: 1D9BG532XL1609882

Dear JOHN HARPER,

We have in our possession the above referenced vehicle. The vehicle was brought to Copart by PROGRESSIVE CASUALTY INS CO as part of a total loss settlement.

Complete and return POA AND SIGNED TITLE IF YOU HAVE IT.

You can return the original(s), signed and notarized, to the following address:

COPART
2600 SALT CREEK HIGHWAY
CASPER, WY, 82601

If you have questions, please call 303-346-3265. Be sure to reference the Copart Lot# 38483262 when you call.

Thank you for your prompt attention in this matter.

Sincerely,
Title Department
PROGRESSIVE CASUALTY INS CO

EXHIBIT 8
PAGE 3

Verified Correct Copy of Original 9/28/2026.

PROGRESSIVE
National Salvage Unit
5920 Landerbrook Dr
Mayfield Village, OH. 44143
Phone: (888) 873-1162

Date:
JOHN HARPER
27010 OLD RAINER RD
RAINIER, OR 97048

Claim#: 22-4759591
Date of Loss:02/04/2022

## Document Request

**Please forward at your earliest convenience**

Please be advised that the vehicle identified by 1D9BG532XL1609882., 2020 DOONAN TRAILER has been deemed a total loss. To process this claim, Progressive requires the following documents from each named owner or lien holder. These will enable Progressive Casualty Insurance Company to transfer the vehicle into Progressive's name.

We have included a return envelope along with any additional documents needed. If you have the title for the above-mentioned vehicle, please include it with the enclosed return envelope in addition to any other requested documents. If applicable, please sign all documents exactly as your name appears on the title.

If you have any questions regarding my request, please call me at the phone number listed below.

☐ **Title/ Lien Release Letter**

☒ **Power of Attorney/Odometer Form**

☐ **Clear copy of Driver License or Photo Identification**

☐ **Other:**

If for any reason you have any questions or are unable to provide these documents, please contact me directly at the phone number listed below.

Thank you in advance for your cooperation.

*Amber Harrison*
Sr. Salvage Processor
National Salvage Unit
**440-566-9230**

Enclosure

**EXHIBIT** 8
**PAGE** 4

_Verified Correct Copy of Original 9/28/2026_

# SIGNED STOLEN VEHICLE REPORT

DATE OF THEFT 03-24-22

CASE NUMBER 22-03227

LICENSE PLATE NUMBER HU 88546

VEHICLE YEAR 2020

VEHICLE MAKE DOONAN

VEHICLE MODEL Trailer (FltBed)

VEHICLE COLOR Aluminum

NUMBER OF DOORS —

ANY UNUSUAL MARKS, DENTS, DAMAGE TO THE VEHICLE (CAMPERSHELLS, TOOL BOXES, ETC.)

VIN #

fire damage on Rear above axles.

[signature]

OWNER SIGNATURE

By signing th **Lyman Police Department** prosecution.

Kathy Adams
Chief of Police
Badge #L-1

P.O. Box 300
100 East Sage Street
Lyman, WY 82937

Phone: 307-787-6500
Fax: 307-787-3753

EXHIBIT 9
PAGE 1